**In re Assistant Judge Calvin COLBY**

[989 A.2d 553]

No. 09-449

¶ 1. December 14, 2009. Upon review of the Judicial Conduct Board decision in the above-captioned matter, the Court concludes as follows: The Court adopts the Stipulation of Facts and Order of the Board as a final decision of this Court, and orders that they be published, with the following modification: On page 3 of the decision, under the listing of sanctions, the sanction labeled number two shall be modified as follows:

The suspension shall end after *run for* thirty days and until Judge Colby resigns from either his position as Assistant Judge or his position on the Selectboard, *whichever last occurs.*

¶ 2. Pursuant to Rule 10(3) of the Rules Governing Disciplinary Control of Judges, any response the parties may have to this modification shall be filed with the Court by December 21, 2009.

JUDICIAL CONDUCT BOARD
State of Vermont

BEFORE THE JUDICIAL
CONDUCT BOARD
OF THE STATE OF VERMONT

STIPULATION CONCERNING
FACTS

Concerning Assistant Judge
Calvin Colby
JCB Nos. 08.019, 08.020

Special Counsel Stephen S. Blodgett and Respondent Assistant Judge Calvin Colby ("Respondent" below) stipulate and agree that the statements contained in the following paragraphs numbered 1 through 12 accurately set out the relevant and applicable facts in this matter and may be accepted as facts by the Judicial Conduct Board as fully as if they had been established by evidence admitted at hearing.

*FACTUAL BASIS FOR
CHARGE*

1. Respondent is a resident of Lunenburg, Essex County, Vermont.

2. Respondent was first elected to the three-member Select Board in the Town of Lunenburg, Vermont in March, 1998.

3. On each third anniversary (2001, 2004, 2007) of his 1998 election to the Lunenburg Select Board Respondent was re-elected to that select board.

4. Respondent currently is a member of the Lunenburg Select Board.

5. While serving as a member of the Lunenburg Select Board in 2002 Respondent became a candidate for Assistant Judge of Essex County; Respondent was successful in that election and therefore became an Essex County Assistant Judge on February 1, 2003.

6. Respondent ran for re-election as assistant judge in 2006, and was reelected in November of that year. Therefore his second term as assistant judge began on February 1, 2007.

7. Respondent has served continuously as an Assistant Judge through the present since February 1, 2003.

8. Respondent has occupied the office of Assistant Judge in Essex County simultaneously with serving as a member of the Select Board of the Town of Lunenburg from February 1, 2003 to the present.

9. Respondent became a candidate for the elective office of Select Board member in 2007 while serving as Assistant Judge for Essex County but did not at that time resign as Assistant Judge.

10. Judge Colby's candidacy lasted from late January, 2007 until the date of the election, March 6, 2007.

11. Judge Colby did not solicit campaign funds, and did not campaign publicly by engaging in activities such as attending campaign meetings, visiting door to door, and the like. He essentially agreed to have his name placed on the ballot and submitted the necessary paperwork to the town to be a candidate. Judge Colby's candidacy was not opposed by any other candidate.

12. There is no evidence that Judge Colby failed to tend to his duties as an assistant judge appropriately while he was a candidate for the select board in 2007.

## ORDER

This is a judicial conduct matter involving two complaints against Assistant Judge Colby (hereinafter "Judge" or "the judge") in connection with his running for election to the Lunenburg Selectboard in 2007 while sitting as an Assistant Judge. The judge has stipulated to the fact that he did so, and has stipulated that doing so was a violation of Canon 5A(3) of the Vermont Code of Judicial Conduct. Canon 5A(3) states in relevant part as follows: "A judge shall resign from judicial office upon becoming a candidate for any elective office."

The history of this case is somewhat complicated. Based upon the stipulation of facts, it reflects as follows. The judge has been a member of the Lunenberg Selectboard since 1998. He ran for Assistant Judge in 2002 and became an Assistant Judge in 2003. He was reelected as Assistant Judge in 2006, with the term beginning February 1, 2007. The stipulated facts make clear that he ran for reelection to the Selectboard twice while serving as Assistant Judge: in 2004 and in 2007. He ran unopposed for the Selectboard in 2007, and did not actively campaign. It is unclear whether that was also true in 2004. He remains a Selectboard member and an Assistant Judge today.

Nothing in the Canon at issue here barred the judge from running for Assistant Judge while sitting on the Selectboard: the restriction only runs the other way. Thus, it was not an express violation of the Canon for the judge to hold both offices at the same time. The violations arose when he ran for reelection as a member of the Selectboard after he became an Assistant Judge.

At the hearing in this case to address the issue of sanctions, the judge was very straightforward with the Board. He stated that he was unaware of the relevant Canon until this complaint arose. While he received an orientation by the Court Administrator's Office when he first became an Assistant Judge, and believes he was probably given a copy of the

Vermont Code of Judicial Conduct at that time, he did not read it. Nor did he do so at any time after that until this complaint arose. Once he did read it, he saw that running for reelection to the Selectboard was a clear violation of the Code.

The judge argues that despite the express violation of the Canon, he should not be sanctioned by this Board because he has no prior conduct violations, his mistake was inadvertent, and no direct conflict has occurred as a result of his holding both positions.[1] He also argues that the intent of the prohibition is merely to assure that no conflicts occur during the period of candidacy, and that the Canon is not directed to possible conflicts between the positions of Assistant Judge and Selectboard member.

The Board rejects the judge's argument that the Canon applies only to the period of candidacy. The Reporter's Notes to this Canon explain that while Assistant Judges may act as town moderator, "an essentially nonpartisan position," in all other respects "[j]udges are prohibited from other political activity . . . in order to retain the appearance of judicial impartiality and to prevent distraction from judicial duties." Thus, it is apparent that it is more than merely the period of candidacy that is at issue.

The Board concludes that a sanction is appropriate here, because this was a direct and indisputable violation of the clear language of the Canon. It states unambiguously that a judge "shall resign" upon running for another office, and the judge did not do so. Moreover, even after having the clear violation brought to his atten-

tion as a result of the complaints at issue here, the judge continued to hold both positions rather than resigning one immediately. On the face of the Canon, it would not appear inappropriate to require the judge's immediate resignation from the position of Assistant Judge.

However, the Board is not aware of any prior violations of the Code of Judicial Conduct by the judge, and he has acknowledged his violation and stipulated to the facts. While the Board finds it highly disturbing that an Assistant Judge would fail to read and educate himself about the Code of Judicial Conduct,[2] the judge's prompt acceptance of responsibility for his violation once it was drawn to his attention weighs in his favor here. Moreover, the goal of avoiding a conflict between the positions of Assistant Judge and Selectman can be met in more than one way in this case. The Board therefore imposes the following sanction:

1. Judge Colby is hereby suspended from the position of Assistant Judge for thirty days.

2. The suspension shall run for thirty days and until Judge Colby resigns from either his position as Assistant Judge or his position on the Selectboard, whichever last occurs.

3. If Colby fails to resign from one position or the other, he shall remain permanently suspended from the position of Assistant Judge.

This Order is entered by the Vermont Judicial Conduct Board this 5th day of Nov., 2009.

---

[1] The Board has no evidence that any direct conflict has occurred, but cannot say for certain that this never happened.

[2] It also appears that the Assistant Judges' Association has not assured that the Assistant Judges receive training regarding the ethical obligations that come with the office.